**Victor Manuel Ramirez HERNANDEZ, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74948.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor Manuel Ramirez Hernandez, Long Beach, CA, pro se.

Robbin Kinmonth Blaya, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Victor Manuel Ramirez Hernandez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial of his motion to reopen or reconsider the underlying denial of his application for cancellation of removal based on his failure to establish the requisite hardship to his qualifying relatives.

** This disposition is not appropriate for publication and is not precedent except as provid-

Petitioner contends that the BIA erred in denying his "motion to reopen and reconsider removal proceedings" because he established the requisite hardship to his United States citizen children. The BIA construed petitioner's motion solely as a motion for reconsideration because the motion did not present new facts or submit new evidentiary materials, but only raised additional legal arguments. We agree that the BIA properly construed the motion as a motion for reconsideration, and we conclude that the BIA properly denied the motion due to petitioner's failure to allege any material or factual errors in the underlying decision. *See* 8 C.F.R. § 1003.2(b)(1). In addition, we lack jurisdiction to review the BIA's underlying discretionary determination that there was insufficient evidence to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir. 2006).

Petitioner also raises new contentions for the first time in his opening brief, namely, that petitioner can now establish the requisite hardship because the immigration judge did not have the opportunity to consider the changes in Mexico arising from public health concerns and increased criminal activity, and because petitioner has a new United States citizen child. We lack jurisdiction to consider these contentions because petitioner asserts them for the first time in his opening brief, and he failed to exhaust his administrative remedies with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

Finally, petitioner alleges that the BIA erred because it did not reopen *sua*

ed by 9th Cir. R. 36–3.

*sponte.* This court lacks jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte.* *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.